**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Phyllis L. McDaniel,

        Plaintiff,

        v.                                    Case No. 1:07cv799

Commissioner of Social Security,          Judge Michael R. Barrett

        Defendant.

## <u>ORDER</u>

Before the Court is the March 3, 2009 Magistrate Judge's Report & Recommendation ("R&R").  (Doc. 12)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1]  Plaintiff filed timely Objections to the R&R (Doc. 15), and the Commissioner replied to those Objections (Doc. 16).

## I.    <u>PROCEDURAL BACKGROUND</u>

Plaintiff filed an application for DIB on September 17, 2003, alleging a disability due to visual disturbances.  Plaintiff's application was denied initially and on reconsideration. Plaintiff then requested, and was granted a hearing *de novo* before an ALJ.  On March 26, 2007, the ALJ entered his decision denying Plaintiff's claim.  The ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity,

---

[1]A notice was attached to the Magistrate's Report and Recommendation regarding objections.

there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 29) This decision stands as the Commissioner's final determination following a denial of review by the Appeals Council on July 27, 2007. (Tr. 5)

On appeal, Plaintiff argues that: (1) the ALJ erred in evaluating the opinion of neuropsychologist, Kathleen Burch; and (2) the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints.

## II.    MAGISTRATE JUDGE'S R&R

The Magistrate Judge found that the ALJ's decision to give little weight to Dr. Burch's findings is supported by substantial evidence. The Magistrate Judge noted that the ALJ found Dr. Burch's finding of disability based on Plaintiff's brain injuries was contrary to the results of the average-level intelligence and memory scores Dr. Burch reported on the intelligence (WAIS-III) and memory testing (WMS-III). The Magistrate Judge also noted that two of the tests relied upon by Dr. Burch as evidence of Plaintiff's frontal lobe injury were inconsistent with Dr. Burch's finding of disability. First, the results of the Controlled Oral Word Association Test was slightly one standard deviation below average. Second, the poor performance on the Wisconsin Card Sorting Test was related to Dr. Burch discontinuing the test due to Plaintiff's extreme frustration. In addition, the Magistrate Judge noted that Dr. Burch indicated that Plaintiff performed adequately on the Frontal Lobe Battery.

The Magistrate Judge also found that the ALJ had properly evaluated Plaintiff's subjective symptoms, specifically her attention difficulties and fatigue. The Magistrate Judge noted that Dr. Burch's examination revealed scores showing Plaintiff's memory was average to low-average. The Magistrate Judge also found that the ALJ's review of Dr.

Burch's report was very thorough, and the ALJ properly accounted for Plaintiff's difficulty in maintaining attention and focus by limiting Plaintiff to unskilled work. Finally, the Magistrate Judge found that Plaintiff's complaints of fatigue were not supported by Plaintiff's treatment records and the objective medical evidence.

In her Objections, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly weighed the opinion of Dr. Burch. Plaintiff also objects to the Magistrate Judge's finding that the ALJ properly evaluated Plaintiff's complaints of attentional difficulties and fatigue. Plaintiff argues that the ALJ's flawed assessment of Plaintiff's subjective complaints stems from the ALJ's error in evaluating Dr. Burch's opinion.

In its response to Plaintiff's Objections, the Commissioner states that the Magistrate Judge properly rejected Plaintiff's alleged errors in the ALJ's decision.

## III. ANALYSIS

### A. Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial

evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

## B.　Opinion of Dr. Burch

The ALJ rejected the opinion of Dr. Burch that Plaintiff was "disabled by her brain injuries." The Court finds that the ALJ properly evaluated the opinion of Dr. Burch.

As the Sixth Circuit has recently reiterated: Social Security regulations state that "[o]pinions on some issues . . . are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability." *Allen v. Commissioner of Social Sec.*, 2009 WL 791552, *5 (6th Cir. March 27, 2009) (slip op.), *quoting* 20 C.F.R. § 404.1527(e); *see also* 20 C.F.R. § 404.1527(e)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Accordingly, Dr. Burch's opinion that Plaintiff is disabled within the meaning of the Social Security Act is an opinion reserved to the Commissioner, and is entitled to little weight.

When weighing medical opinions, the ALJ must consider factors such as the examining relationship; length, nature and extent of the treatment relationship; the frequency of examination; the medical specialty of the physician; the medical opinion's supportability by evidence; and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(1)-(6). The ALJ noted that Dr. Burch examined Plaintiff on only one occasion, her assessment was contrary to the average-level intelligence and memory scores she

reported, and Dr. Burch relied upon subjective conditions, such as lack of self-awareness and tendency to overestimate her abilities to support her opinion. Accordingly, the Court finds that the ALJ properly weighed the opinion of Dr. Burch. *See Gaskin v. Commissioner of Social Sec,* 2008 WL 2229848, *3 (6th Cir. May 30 2008) (unpublished) (explaining that where a physician's opinion is inconsistent with other substantial evidence in the case record, and his or her conclusion regarding the claimant's inability to work addresses an issue reserved to the Commissioner, an ALJ does not err in refusing to defer to the physician's opinion).

### C.      Pain and subjective complaints

Plaintiff argues that the ALJ erred in evaluating her subjective symptoms.

The Sixth Circuit has explained that "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997), *citing Villarreal v. Secretary of Health and Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987). However, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence. *Id.*, *citing Beavers v. Secretary of Health, Educ. and Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978). The ALJ must also explain his or her credibility determinations "such that it 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.' " *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 248 (6th Cir.2007), *quoting* SSR 96-7p, 1996 WL 374186. The Court finds that the ALJ has satisfied these burdens.

The ALJ stated that in making his determination he relied upon the assessments of Drs. Berger and Cho. (Tr. 23) The ALJ noted that Plaintiff's overactive thyroid condition has been adequately controlled with treatment, and therefore there was no support for Plaintiff's claims of upper extremity weakness, difficulty in remaining on her feet, the need to elevate her legs, and to nap several times per day. The ALJ also considered Plaintiff's daily activities and noted that Plaintiff testified that she could perform a full range of household chores; attend church service; visit with friends; knit, listen to talking books and sing in the church choir; and travel. The ALJ noted that Plaintiff's recent treatment only included periodic, conservative measures. The ALJ also noted that at the hearing, Plaintiff's method of testifying was "a bit slow but otherwise average." (Tr. 18)

Plaintiff argues that the ALJ failed to address the credibility of her husband, who testified at the hearing. However, the Court finds that the ALJ discussed the testimony of John McDaniel thoroughly. (Tr. 18) The ALJ noted that during Mr. McDaniel's testimony Plaintiff's "attorney cross examined Mr. McDaniel and also made multiple leading questions and practically he only had to assent to what counsel said." Therefore, the Court finds that the ALJ properly evaluated the testimony of Plaintiff's husband.

Based on the foregoing, the Court finds no error in the ALJ's evaluation of Plaintiff's subjective symptoms and the ALJ's credibility determination was supported by substantial evidence. *See Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.")

## IV.    CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R.  Accordingly, the March 3, 2009 Magistrate Judge's R&R (Doc. 12) is hereby **ADOPTED.**  The Court finds that ALJ's decision is supported by substantial evidence and the decision of the ALJ is affirmed.  This matter shall be closed and terminated from the Court's docket.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court